IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMBERT JOHNSON, | § | |
|     Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3968 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

## **MEMORANDUM ON DISMISSAL**

Petitioner brings this habeas corpus application under 28 U.S.C. § 2254. Petitioner is incarcerated in the Texas Department of Criminal Justice. This Court DISMISSES the application as time barred under 28 U.S.C. § 2244(d) and as successive under 28 U.S.C. § 2244(b).

Petitioner challenges a conviction for robbery in the 208th District Court of Harris County, Texas. The state court sentenced Petitioner to twenty years in prison on April 5, 1999. Petitioner appealed, and the First Texas Court of Appeals affirmed the conviction on March 20, 2000. Petitioner filed a petition for discretionary review (PDR) which the Court of Criminal Appeals refused on October 4, 2000. Petitioner filed a post-conviction state writ application on April 19, 2001. The Court of Criminal Appeals denied the application on June 20, 2001. Petitioner filed a second state writ application which was pending from May 3, 2005, to August 17, 2005. Petitioner filed

this federal application on November 14, 2005.

Petitioner admits he filed a prior federal petition in this court challenging the same state court conviction. *See Johnson v. Cockrell*, H-02-1706 (S.D. Tex.). This Court dismissed that prior federal petition as barred by the statute of limitations. *Id.*, (Docket Entry No. 12). The statute of limitations bars this petition as well. The successive writ doctrine embodied in 28 U.S.C. 2244(b) also bars this petition.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection. 28 U.S.C. § 2244(d) (West 1996).

Petitioner's conviction became final on January 2, 2001, when the time to petition for *certiorari* in the U.S. Supreme Court expired, ninety days after the Court of Criminal Appeals denied Petitioner's PDR. SUP.CT.R. 13.1 (West 1995). There is no showing that subsections (B), (C), and (D) of § 2244(d)(1) apply to Petitioner's claims. Subsection 2244(d)(1)(A) controls the running of the statute of limitations here. The limitation period expired on January 2, 2002, a year after the conviction became final, absent tolling.

Petitioner claims under his first ground for relief that he was denied the right to appeal his conviction. His supporting facts are that the State, in calculating time for the AEDPA, made an error which caused Petitioner to lose the right to appeal his conviction. Petitioner asserts he had filed litigation which would have tolled the statute of limitations. The claims in this ground do not alter the conclusion that the statute of limitations starts to run under subsection 2244(d)(1)(A) when the conviction became final. The only litigation which could toll the statute of limitations is collateral review. The litigation mentioned by Petitioner under ground one is controlled by the tolling provisions of subsection 2244(d)(2).

State collateral review tolls the limitation period under section 2244(d)(2). Petitioner's first state writ application was pending for 63 days. The pendency of the

3

state writ application tolls the limitation period and extends the expiration of the statute of limitations to March 6, 2002. Petitioner's second state writ application did not toll the statute of limitations "because it was not filed until *after* the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis in original).

Petitioner constructively filed this federal application on November 5, 2005, more than three years after the limitation period expired. Petitioner's application is time barred.

Accordingly, it is ORDERED that this action be DISMISSED as time barred under 28 U.S.C. § 2244(d). In the alternative, it is ORDERED that this action be DISMISSED as successive under 28 U.S.C. § 2244(b).

Petitioner has not made a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Beazley v. Johnson*, 242 F.3d 248 (5th Cir. 2001). A certificate of appealability will not issue.

SIGNED at Houston, Texas, on this 29th day of November, 2005.

*David Hittner*
_____

DAVID HITTNER

United States District Judge